Philippe DWELSHAUVERS (Bar No 192188)
452 N. Blackstone Avenue
Fresno, California 93701
Telephone: (559) 264-6363
Fax:          (559) 497-6163
Attorney for Petitioner, JOSE DE JESUS GONZALEZ-BELTRAN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In the Matter of

JOSE DE JESUS GONZALEZ-BELTRAN

   Petitioner

vs.

MICHAEL MUKASEY, Attorney General of the United States et al; MICHAEL CHERTOFF, Secretary Department of Homeland and Security; NANCY ALCANTAR, FIELD OFFICE IMMIGRATION CUSTOMS ENFORCEMENT; OFFICER LAFAVE, BAKERSFIELD IMMIGRATION CUSTOMS ENFORCEMENT

   Respondents.

No CV 08-0262 MHP

Agency Number: 92-845-632

PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Petitioner JOSE DE JESUS GONZALEZ-BELTRAN ("Petitioner"), by and through his undersigned counsel, hereby petitions this Court for a writ of habeas corpus to review the lawfulness of her detention by the Department Homeland Security, with no bond

**JURISDICTION**

2. THIS ACTION ARISES UNDER THE CONSTITUTION, THE IMMIGRATION &

- 1 -

Nationality Act of 1952, as amended (the "INA"), 8 U.S.C. §§1101 et seq., and the Administrative Procedure Act (the "APA"), 5 U.S.C. §§701 et seq. This Court has habeas corpus jurisdiction pursuant to 28 U.S.C. §2241 et seq.; Art. I, §9, Cl. 2 of the United States Constitution (the "Suspension Cl1ause"); and the common law. This Court may also exercise jurisdiction pursuant to 28 U.S.C. §1331, and may grant relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201 et seq., and the All Writs Act, 28 U.S.C.

## VENUE

3. Venue is properly with this Court pursuant to 18 U.S.C. §1391(e) because the Respondents are employees or officers of the United States, acting in their official capacity, and an agency of the United States; because a substantial part of the events or omissions giving rise to the claim occurred in the Northern District of California; because the decision to hold Petitioner in custody is under the jurisdiction of the Northern District of California office of Respondents; and because Petitioner resides in the Northern District and there is no real property involved in this action. Venue is additionally proper in this Court pursuant to the Supreme Court's decision in Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-94 (1973) (noting that "traditional venue considerations" for the purposes of a habeas petition under 28 U.S.C. §2241 include (1) the location where material events took place, where records and pertinent witness are likely to be found, (2) the convenience of the forum for respondent and petitioner; and (3) the familiarity of the court with the applicable laws).

## INTRADISTRICT ASSIGNMENT

4. THE DECISION TO HOLD PETITIONER IN CUSTODY IS UNDER CONTROL OF THE SAN FRANCISCO OFFICE OF RESPONDENTS. THEREFORE, ASSIGNMENT TO THE SAN FRANCISCO OR OAKLAND DIVISION OF THIS COURT IS PROPER UNDER N.D. RULE 3-2(D)

## PARTIES

5. PETITIONER IS A NATIVE OF MEXICO. HE HAS FILED A PETITION FOR REVIEW WITH THE 9TH CIRCUIT COURT OF APPEALS AS TO THE MERITS ON THE IMMIGRATION ISSUES[CASE NUMBER 06-72425]. THE PURPOSE OF THIS WRIT IS TO REQUIRE A BOND HEARING EITHER BY AN IMMIGRATION COURT OR A DISTRICT COURT. HE IS NOT UNDER MANDATORY DETENTION RULES. HE IS CURRENTLY IN CUSTODY IN BAKERSFIELD, CALIFORNIA.

6. RESPONDENT MICHAEL CHERTOFF IS SUED IN HIS OFFICIAL CAPACITY AS THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY. IN THIS CAPACITY HE HAS RESPONSIBILITY FOR THE ADMINISTRATION AND ENFORCEMENT OF THE IMMIGRATION LAWS PURSUANT TO SECTION 402 OF THE HOMELAND SECURITY ACT OF 2002, 107 PUB. L. 296, 116 STAT. 2135 (NOV. 25, 2002). SEE ALSO ARMENTERO V. INS, 340 F.3D 1058 (9TH CIR. 2003).

7. RESPONDENT MICHAEL MUKASEY IS SUED IN HIS OFFICIAL CAPACITY AS THE ATTORNEY GENERAL OF THE UNITED STATES. HE HAS THE RESPONSIBILITY FOR THE ADMINISTRATION AND ENFORCEMENT OF THE IMMIGRATION LAWS PURSUANT TO 8 U.S.C. §1103, IMMIGRATION AND NATIONALITY ACT ("INA") §103. AS THE IMMIGRATION AND NATIONALITY ACT HAS NOT BEEN AMENDED TO REFLECT THE DESIGNATION OF THE SECRETARY OF THE DEPARTMENT OF HOMELAND SECURITY AS THE ADMINISTRATOR AND ENFORCER OF IMMIGRATION LAWS, RESPONDENT ASHCROFT IS SUED IN HIS OFFICIAL CAPACITY TO THE EXTENT THAT 8 U.S.C. §1102

GIVES HIM THE AUTHORITY TO DETAIN PETITIONER. <u>ARMENTERO V. INS</u>, 340 F.3D 1058 (9TH CIR. 2003).\

8. RESPONDENT NANCY ALCANTAR IS SUED IN HER OFFICIAL CAPACITY AS BEING IN CHARGE OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY IN SAN FRANCISCO, CALIFORNIA. THAT OFFICE HAS A SUBDIVISION IN BAKERSFIELD, CALIFORNIA

9. RESPONDENT LAFAVE IS SUED IN HIS OFFICIAL CAPACITY AS BEING IN CHARGE OF THE IMMIGRATION AND CUSTOMS ENFORCEMENT OFFICE -WHICH TAKES CARE OF HIS DETENTION.

## FACTS

10. PETITIONER IS A NATIVE AND CITIZEN OF MEXICO. HE HAS LIVED IN THE UNITED STATES SINCE THE 1990'S, AS A LAWFUL PERMANENT RESIDENT. PETITIONER IS MARRIED TO A UNITED STATES CITIZEN.

11. PETITIONER FILED FOR SOME FORM OF PARDON BEFORE THE IMMIGRATION COURT AND WAS DENIED THE APPLICATION. THE BOARD OF IMMIGRATION APPEALS DENIED THE APPEAL.

12. PETITIONER, IN 2006, FILED FOR A PETITION FOR REVIEW BEFORE THE 9TH CIRCUIT COURT OF APPEALS -PETITION STILL PENDING.

13. PETITIONER, WHO HAD BEEN GRANTED FREEDOM AGAINST A BOND OF $ 35,000 BY THE IMMIGRATION COURT OF ELOY, ARIZONA IN THE YEAR 2001, WAS SUDDENLY ARRESTED ON DECEMBER 28,2007 AND REMAINS IN CUSTODY.

14. PETITIONER WAS CONVICTED IN FRESNO COUNTY IN THE YEAR 1992 FOR VIOLATION OF CALIFORNIA PENAL CODE, SECTION 288; PETITIONER WAS SENTENCED TO JAIL IN THE YEAR 1992.

# CAUSES OF ACTION

## COUNT ONE (SUBSTANTIVE DUE PROCESS)

15. The allegations contained in paragraphs 1 through 14 above are repeated and realleged as though fully set forth herein.

16. All persons residing in the United States, are protected by the Due Process Clause of the Fifth Amendment. See Zadvydas v. Davis, 121 S. Ct. 2491, 2500–01 (2001); Plyler v. Doe, 457 U.S. 202, 210 (1987); Mathews v. Diaz, 426 U.S. 67 (1976); Yamataya v. Fisher, 189 U.S. 86 (1903).

17. The Due Process Clause of the Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). This vital liberty interest is at stake when an individual is subject to detention by the former INS, now BICE. See Zadvydas, 121 S. Ct. at 2498 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem"); Kiareldeen v. Reno, 71 F. Supp. 2d 402, 409–10 (D.N.J. 1999) (in analyzing due process in the immigration context, that the first factor in the procedural due process analysis, "the petitioner's private interest in his physical liberty, must be accorded the utmost weight").

18. The substantive Due Process requirement of the Fifth Amendment prohibits "the government from infringing on certain fundamental rights at all . . . unless narrowly tailored to serve a compelling government interest." See Reno v. Flores, 507 U.S. 292, 302, 113 S.Ct. 1439 (1993); Collins v. Harker Heights, 503 U.S. 115, 125 (1992). There is no question that freedom from physical restraint is a fundamental liberty interest. See Reno v.

1  **FLORES, 507 U.S. AT 302. BECAUSE A FUNDAMENTAL RIGHT IS IMPLICATED, THE**
2  **GOVERNMENT MUST PROVE THAT THE PROVISION AT ISSUE IS NARROWLY TAILORED TO**
3  **MEET A COMPELLING GOVERNMENTAL INTEREST. RENO V. FLORES, 507 U.S. AT**
4  **301–02.**

## COUNT TWO (PROCEDURAL DUE PROCESS)

7  **19. THE ALLEGATIONS CONTAINED IN PARAGRAPHS 1 THROUGH 15 ABOVE ARE REPEATED AND REALLEGED AS THOUGH FULLY SET FORTH HEREIN.**

9  **20. THE PROCEDURAL DUE PROCESS REQUIREMENT OF THE FIFTH AMENDMENT ENTITLES A PERSON TO BE HEARD AT A MEANINGFUL TIME AND IN A MEANINGFUL MANNER BEFORE A DEPRIVATION OF LIBERTY OCCURS. MATHEWS V. ELDRIDGE, 424 U.S. 319, 334 (1976). THE PROCESS THAT IS DUE DEPENDS UPON THE PRIVATE INTEREST AFFECTED BY THE OFFICIAL ACTION, THE RISK OF ERRONEOUS DEPRIVATION OF THE INTEREST, THE VALUE (IF ANY) OF ADDITIONAL OR SUBSTITUTE PROCEDURAL SAFEGUARDS, AND THE GOVERNMENT'S INTEREST, INCLUDING FISCAL AND ADMINISTRATIVE BURDENS THAT ADDITIONAL OR SUBSTITUTE PROCEDURAL REQUIREMENTS WOULD IMPOSE. MATHEWS, 424 U.S. AT 335; CF. KIARELDEEN, 71 F. SUPP. 2D AT 413–14 (DISCUSSING USE OF SECRET EVIDENCE IN IMMIGRATION BOND PROCEEDINGS).**

20 **21. PROCEDURAL DUE PROCESS HERE REQUIRES A CUSTODY HEARING BEFORE AN INDEPENDENT AND IMPARTIAL ADJUDICATOR, NOT JUST A BICE EMPLOYEE. SEE MARCELLO V. BONDS; 39 U.S. 302, 307, 75 S.CT. 757 (1955); MORRISEY V. BREWER, 408 U.S. 471, 486-7, 92 S. CT. 2593 (1972); UNITED STATES V. GARCIA-MARTINEZ, 228 F.3D 956, 961 (9TH CIR. 2000); CASTRO-CORTEZ V. INS, 239 F.3D 1037 (9TH CIR. 2001); CABREJA-ROJAS V. RENO, 999 F. SUPP. 493, 496–97 (S.D.N.Y. 1998); ST. JOHN V. MCELROY, 917 F. SUPP. AT 249–51; EKEKHOR V. ALJETS, 979 F.SUPP. 640 (N.D. ILL. 1997); CF. KIARELDEEN, 71 F. SUPP. 2D AT**

418–19 ("ACCESS TO A NEUTRAL JUDGE [IS] ONE OF THE 'MOST BASIC OF DUE PROCESS PROTECTIONS'") (QUOTING MARINCAS V. LEWIS, 92 F.3D 195, 203 (3D CIR. 1996)).

22 HERE, THE PRIVATE INTEREST AFFECTED BY THE STATUTE IS OF THE HIGHEST IMPORTANCE, NAMELY, A FUNDAMENTAL LIBERTY INTEREST IN BEING FREE FROM PHYSICAL RESTRAINT. SECOND, THE RISK OF ERRONEOUS DEPRIVATION OF LIBERTY IS GREAT IN LIGHT OF THE FACT THAT PETITIONER IS NOT SUBJECT TO MANDATORY DETENTION UNDER INA §236(C), 8 U.S.C. §1226(C),.

## PRAYER FOR RELIEF

WHEREFORE, PETITIONER PRAYS THAT THIS COURT GRANT THE FOLLOWING RELIEF:

(1)    ISSUE AN ORDER DECLARING THAT PETITIONER'S DETENTION BY RESPONDENTS IS CONTRARY TO LAW AND UNCONSTITUTIONAL; AND

(2)    ISSUE AN ORDER TO IMMIGRATION COURT FOR A BOND HEARING OR THAT THE BICE RELEASE AT ONCE PETITIONER

(3)    AWARD PETITIONER HIS REASONABLE COSTS AND FEES.

(4)    GRANT ANY OTHER AND FURTHER RELIEF THAT THIS COURT MAY DEEM FIT AND PROPER.

RESPECTFULLY SUBMITTED THIS 15TH DAY OF JANUARY 2008

_____

S/PHILIPPE M. DWELSHAUVERS, ATTORNEY AT LAW

452 N. BLACKSTONE AVENUE

FRESNO, CALIFORNIA 93701

## PROOF OF SERVICE -CASE 08-0262 MHP

I AM DOMICILED IN THE COUNTY OF FRESNO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18. MY BUSINESS ADDRESS IS 452 N. BLACKSTONE AVENUE, FRESNO, CA 93701
ON JANUARY 15,. 2008 I SERVED THE FOLLOWING DOCUMENT (S) DESCRIBED: **PETITION FOR WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

ON THE COUNSEL OF RECORD/INTERESTED PARTY (PARTIES) IN THIS ACTION.
\_\_\_\_\_ BY PLACING A TRUE COPY (COPIES) THEREOF ENCLOSED IN A SEALED ENVELOPE ADDRESSED AS STATED ON THE ATTACHED MAILING LIST.

\_\_\_\_ BY FACSIMILE; TELEPHONE: AREA CODE: \_\_\_\_\_/\_\_

BY PLACING \_\_\_\_ THE ORIGINAL \_XX\_ A TRUE COPY THEREOF ENCLOSED IN SEALED ENVELOPE(S) ADDRESSED AS FOLLOWS:

| UNITED STATES DISTRICT COURT | ICE SAN FRANCISCO |
| FEDERAL BUILDING | NANCY ALCANTAR |
| 450 GOLDEN GATE AVENUE, | 630 SANSOME STREET |
| SAN FRANCISCO, CALIFORNIA 94102-3664 | SAN FRANCISCO, CA 94111 |

| TO THE U.S. ATTORNEY | ICE BAKERSFIELD |
| 450 GOLDEN GATE AVENUE, 10TH FLOOR | OFFICER LAFAVE |
| SAN FRANCISCO, CALIFORNIA 94102-3664 | 800 TRUXTUN AVENUE |
| | BAKERSFIELD, CA 93301 |

\_ XXXX\_(BY MAIL) I DEPOSITED/ CAUSED TO BE DEPOSITED SUCH ENVELOPE WITH POSTAGE THEREON FULLY PREPAID TO BE PLACED IN FRESNO, CALIFORNIA.

I AM "READILY FAMILIAR" WITH THE FIRM'S PRACTICE OF COLLECTION AND PROCESSING OF CORRESPONDENCE FOR MAILING. IT IS DEPOSITED WITH U.S. POSTAL SERVICE ON THAT SAME DAY IN THE RDINARY COURSE OF BUSINESS. I AM AWARE THAT ON MOTION OF PARTY SERVED, SERVICE IS PRESUMED INVALID IF POSTAL CANCELLATION DATE OR POSTAGE METER DATE IS MORE THAN ONE (1) DAY AFTER DATE OF DEPOSIT FOR MAILING IN AFFIDAVIT.

**EXECUTED AT SAN FRANCISCO ON JANUARY 15,,2008**
XX\_\_(FEDERAL) I DECLARE THAT I AM A MEMBER OF THE BAR OF THIS COURT AT WHOSE DIRECTION THE SERVICE IS MADE

**P. DWELSHAUVERS**
(TYPE OR PRINT NAME)                                                                 (SIGNATURE)